UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Plaintiffs,

v.                              Case No. 8:17-cv-389-T-33AEP

PERSONAL INJURY SOLUTIONS, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Personal Injury Solutions, LLC and Conrad D. Tamea, Jr.'s Amended Motion for More Definite Statement (Doc. # 18), and Amended Motion to Dismiss (Doc. # 19), both of which were filed on March 16, 2017. Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company filed responses in opposition to both Motions on April 3, 2017. (Doc. ## 26, 27). For the reasons below, the Motions are denied.

**I.    Background**

Plaintiffs allege Personal Injury Solutions, at the direction and supervision of Tamea, fraudulently billed for services that were never rendered by using inappropriate

medical billing codes. (Doc. # 1 at ¶¶ 22-34). Plaintiffs also allege that Personal Injury Solutions billed for equipment that it was not licensed to sell (Id. at ¶¶ 37-38). Finally, Plaintiffs allege to have paid over $190,000 in fraudulent claims. (Id. at ¶¶ 47-48).

## II. Standard

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of

truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

**B.  Rule 12(b)(6)**

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the Complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### C. Rule 12(e)

When a pleading is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response," the Court can order a plaintiff to plead a more definite statement of the claim. Fed. R. Civ. P. 12(e). "The court should not do so if it would frustrate the concept of notice pleading." Blair v. Philips Elecs. N. Am. Corp., No. 8:16-cv-3529-T-30JSS, 2017 WL 770960, at *1 (M.D. Fla. Feb. 28, 2017).

### III. Analysis

Rule 12 permits a party to file a motion rather than serve a responsive pleading. Fed. R. Civ. P. 12(a)(4). Two such motions are Rule 12(b) motions and Rule 12(e) motions. While a party may join a motion under Rule 12 with any other motion allowed by Rule 12, Fed. R. Civ. P. 12(g)(1), "[e]xcept as provided . . ., a party that makes a motion under [Rule

12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

The two exceptions to Rule 12(g)(2) are listed within Rule 12(h). The first exception is that a party may raise the defenses of "failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim" in a pleading under Rule 7(a), by motion under Rule 12(c), or at trial. Fed. R. Civ. P. 12(h)(2). The second exception is that subject-matter jurisdiction may be attacked at any time. Fed. R. Civ. P. 12(h)(3); see also Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir. 1998).

### A. Subject-Matter Jurisdiction

Plaintiffs base jurisdiction on 28 U.S.C. §§ 1332 and 1367. (Doc. # 1 at 1-2). Section 1332 requires complete diversity of citizenship and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332; Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

State Farm Mutual and State Farm Fire are Illinois corporations with their respective principal places of business in Illinois. (Doc. # 1 at ¶¶ 3, 5). Plaintiffs are therefore citizens of Illinois. 28 U.S.C. § 1332(c)(1).

5

Personal Injury Solutions is a Florida limited liability company (Doc. # 1 at ¶ 7), which is comprised of two members: Conrad D. Tamea, Jr. and Judy Tamea, both of whom are citizens of Florida (Doc. # 5 at ¶ 1(b)-(c)). Defendants are therefore citizens of Florida. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Complete diversity of citizenship exists.

As to the amount in controversy, State Farm Mutual alleges it has been damaged in excess of $190,000 and State Farm Fire alleges it has been damaged in excess of $7,000. (Doc. # 1 at ¶¶ 4, 6). These allegations are supported by documentation attached to the Complaint. (Doc. ## 1-1, 1-2, 1-3, 1-4). Although Defendants argue some of the claims paid by Plaintiffs fall outside the statute of limitations and should thus not be counted for purposes of determining the amount in controversy, the Court disagrees. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.") (citation omitted and alterations in original). And while State Farm Fire's alleged damages are below the $75,000 threshold, jurisdiction is

6

proper under § 1367 because its claims arise out of a common nucleus of operative fact as State Farm Mutual's.

**B.   Arguments under Rules 12(b)(6) and 12(e)**

Defendants filed their Motion under Rule 12(e) prior to their Motion under Rule 12(b). (Doc. ## 18, 19). As such, except insofar as it challenges the Court's subject-matter jurisdiction, the merits of which have been discussed above, the Motion under Rule 12(b) is procedurally improper. Fed. R. Civ. P. 12(g)(2). Furthermore, the Rule 12(e) Motion is denied because the Complaint is simply not so vague or ambiguous that Defendants cannot reasonably be required to respond. See Royal Shell Vacations, Inc. v. Scheyndel, 233 F.R.D. 629, 630 (M.D. Fla. 2005) (noting that motions for a more definite statement should not be used to obtain discovery). Finally, when taken together, the two Motions exceed the page limitations imposed by Local Rule 3.01(a). Accordingly, both Motions are denied on that ground as well.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Personal Injury Solutions, LLC and Conrad D. Tamea, Jr.'s Amended Motion for More Definite Statement (Doc. # 18) is **DENIED.**

(2) Defendants Personal Injury Solutions, LLC and Conrad D. Tamea, Jr.'s Amended Motion to Dismiss (Doc. # 19) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of April, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE